## DELIA L. PAYNE *et al.*

### *v.*

## VALENTINE L. MILLER *et al.*

*Filed at Mt. Vernon June 21, 1882.*

1. FRAUDULENT CONVEYANCE—*settlement by husband on his wife.* A husband in failing circumstances had conveyed sixty acres of land, including his homestead, in satisfaction of prior loans of his wife to him of $1700, and being pressed by his creditors he procured a loan of $3000 on the land, and the wife gave up her conveyance, and joined in the mortgage to secure such loan, releasing her dower, in consideration that her husband would settle upon her twenty-three acres of the land, including their homestead, agreeing to sign any other deed or mortgage her husband might make to settle with his creditors. The husband, in pursuance of such arrangement, conveyed to her the tract of twenty-three acres, and it appeared that his indebtedness to her was ample consideration for the property conveyed to her above the amount of the homestead exemption: *Held,* that the conveyance to the wife was upon a sufficient consideration, and valid against the creditors of her husband.

2. SAME—*conveyance by husband to his wife.* A husband, though in failing circumstances, may make a conveyance to his wife, when it is made upon a full and fair consideration; and when such conveyances are made in good faith, they will be sustained to the extent of the consideration actually paid, and no further.

3. WITNESS—*competency of wife in relation to conveyance to her by her husband.* On creditor's bill to set aside a conveyance of land by a husband to his wife, she is a competent witness to prove the consideration of the conveyance, and its good faith.

4. SAME—*of attorney, as to matters coming to him as such.* An attorney at law may testify to facts coming to his knowledge while securing a debt of his client, in a contest between other parties than his client, the latter having no interest in the litigation.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. IRWIN & SPRINGER, for the plaintiffs in error.

Messrs. METCALF & BRADSHAW, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a creditor's bill, brought by Valentine Miller and Jacob Stoutzenberg, in the Madison circuit court, against Henry Payne, and Delia Payne, his wife, for the purpose of setting aside a post-nuptial conveyance made by him to her, and of subjecting the property conveyed to the payment of their respective judgments. Stoutzenberg and Payne have both died since the commencement of the suit, and their respective legal representatives have been substituted as parties. The circuit court found the equities with the complainants, and entered a decree in conformity with the prayer of the bill. Delia Payne and the legal representatives of her deceased husband bring the case here on error, and ask a reversal of that decree.

The whole controversy is narrowed down to a single inquiry, namely, whether the conveyance made by Payne to his wife on the 10th day of May, 1878, of a twenty-three acre tract of land constituting their homestead was fraudulent as against the creditors of the former, and the determination of this question depends entirely upon whether the evidence shows a sufficient consideration to support the deed.

It appears, from the testimony, that in 1863 and 1864 Mrs. Payne advanced or loaned her husband all together $500, and again in 1866 $1200, making a total of $1700, none of which was ever refunded to her. About a month before the conveyance in question, her husband, in consideration of this indebtedness, conveyed to her sixty acres of land, including the twenty-three acre homestead tract. At this time he seems to have been considerably involved, and struggling with his creditors as best he could. About this time, being pressed by his creditors, Payne applied to Thomas I. Barnsback for a loan of $3000, which the latter agreed to make provided Payne and his wife would join in a mortgage to secure its payment, and that something over $800 of the

amount should be paid W. W. Jarvis, one of Payne's credit-
ors, the claim being then in the hands of John G. Irwin, as
the attorney of Jarvis.   On the 10th of May, Irwin, for the
purpose of assisting in consummating the proposed loan from
Barnsback, called at Payne's, having a mortgage already
prepared for execution by Payne and his wife.   Irwin testi-
fies that the latter refused to sign the mortgage except upon
the condition that Payne would settle on her the homestead
tract in question, which he agreed to do, and that thereupon
a deed was prepared by the witness which was executed by
Payne to her at the same time he and his wife signed the
mortgage.   Irwin swears the consideration for the deed from
Payne to his wife was the execution of the mortgage then
given to Barnsback, and an agreement on her part to sign
any other deed or mortgage Payne might make in order to
effect a settlement with his creditors, and the proofs show
that subsequent deeds were made by him in which she joined,
for the purpose of relinquishing her dower.   Mrs. Payne
swears that the consideration for the conveyance to her was
the relinquishment of her dower in all his lands, and the giv-
ing up of the deed for the sixty acres of land which he had
conveyed to her about a month before in satisfaction of her
claim against him for loaned money, as above stated.   The
testimony of these two witnesses relating to the consideration
stands alone, and is uncontradicted, nor is there anything in
the record that weakens or impairs its force.   Assuming it to
be competent, we think it quite clear the consideration was
ample to cover so much of the property as is not included in
the homestead, and there is no pretense that the homestead
is subject to these claims.

We perceive no force in the objection that Mrs. Payne and
Irwin were incompetent witnesses.   As to the former, we
think she falls within at least one, if not two, of the exceptions
of the statute.   The controversy relates to a tract of land
standing in her own name, and the facts she testifies to go

to the very foundation of her right, and it is clear if she were a *feme sole* she would be a necessary party to any suit that might be brought to recover it. As to Irwin, he was acting, at the time to which his testimony relates, as the attorney of Jarvis, who has no perceivable interest in this litigation or the facts testified to by the witness. If this were a controversy between Jarvis and some one else, growing out of what occurred at that time, and Jarvis was here objecting to his testimony on the ground the facts testified to were acquired by him by reason of his employment as his attorney, there would be at least some apparent reason for the objection. But such is not the case. There is clearly nothing in the objection.

With respect to the right of a husband to make a conveyance to his wife, when in failing circumstances, the law is well settled he may do so when made upon a full, fair consideration, and where such conveyances are made in good faith they will be sustained to the extent of the consideration actually paid, and no farther. In the present case we think, as already stated, the consideration was ample. *Patrick* v. *Patrick*, 77 Ill. 555.

The decree of the circuit court will be reversed, with costs, and a decree entered in this court dismissing the complainants' bill.

*Decree reversed.*